# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

NICKLAS McLAIN,

    Petitioner,

vs.                          Case No.:    3:16-cv-706-J-32JRK
                                              3:13-cr-73-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on Petitioner Nicklas McLain's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion).[1] Petitioner pled guilty to one count of distribution of cocaine, in violation of 21 U.S.C. § 841, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Crim. Doc. 33, Plea Agreement). The Court sentenced Petitioner to a term of 70 months in prison, consisting of 10 months for distribution of cocaine and a consecutive 60-month term for possessing a firearm in furtherance of a drug-trafficking crime. (Crim. Doc. 39, Judgment). Petitioner raises a single claim: that his § 924(c) sentence violates Johnson v. United States, 135 S. Ct. 2551 (2015).

---

[1] Citations to the record in the underlying criminal case, United States v. Nicklas McLain, No. 3:13-cr-73-J-32JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-706-J-32JRK, will be denoted as "Civ. Doc. __."

1

The United States filed a response in opposition (Civ. Doc. 4, Response), and Petitioner did not file a reply. The matter is ripe for review. Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, a hearing is not necessary to resolve this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons below, Petitioner's § 2255 Motion is due to be denied.

## I. Discussion

Section 924(c) imposes a five-year mandatory consecutive term of imprisonment on anyone who "uses or carries a firearm" "during and in relation to any crime of violence or drug trafficking crime" or who possesses a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). The term "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." Id., § 924(c)(2). The term "crime of violence" is defined as

> an offense that is a felony and—
> 
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> 
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id., § 924(c)(3). Subsection (A) is called the "elements clause" or the "use-of-force clause," while subsection (B) is called the "residual clause" or the "risk-of-force clause."

Ovalles v. United States, 905 F.3d 1231, 1234 & n.1 (11th Cir. 2018) (en banc).

In Johnson v. United States, the Supreme Court held that language in the Armed Career Criminal Act (ACCA) that resembled the risk-of-force clause was unconstitutionally vague. 135 S. Ct. at 2557, 2563. However, the Supreme Court confined its holding to the ACCA's residual clause; it did not call into question any other portion of the ACCA, such as the ACCA's definition of the term "serious drug offense." See id. at 2563; Bell v. United States, 688 F. App'x 593, 594-95 (11th Cir. 2017) ("The Johnson decision did not affect the ACCA's definition of "serious drug offenses."). A few years later, the Supreme Court held that the residual clause of 18 U.S.C. § 16(b), which defines the term "crime of violence" using language that is virtually identical to § 924(c)(3)'s risk-of-force clause, was unconstitutionally vague as applied in immigration cases. Sessions v. Dimaya, 138 S. Ct. 1204, 1216 (2018). However, Dimaya also did not call into doubt the validity of such terms as "drug trafficking crime" or "serious drug offense."

In United States v. Davis, No. 18–431, the Supreme Court will decide the fate of § 924(c)(3)'s risk-of-force clause in light of Johnson and Dimaya. However, Davis does not raise any questions about the validity of the terms "drug trafficking crime" or "serious drug offense."

The foregoing review makes Petitioner's case straightforward. Petitioner argues that his § 924(c) sentence is illegal in light of Johnson v. United States. However, Petitioner was convicted and sentenced for possessing a firearm in furtherance of a drug trafficking crime, not a "crime of violence." (Crim. Docs. 33, 39). Thus, Petitioner's

3

sentence does not rely on § 924(c)(3)'s risk-of-force clause. And as noted above, neither Johnson, Dimaya, nor Davis raise any questions about the constitutional validity of the term "drug trafficking crime." Even if the United States Supreme Court extends Johnson's holding to § 924(c)(3)(B) in Davis, that holding will have no impact on Petitioner. Thus, contrary to Petitioner's claim, his judgment of conviction under § 924(c) does not violate the United States Supreme Court's holding in Johnson. In re Baptiste, 828 F.3d 1337, 1338 (11th Cir. 2016) ("Even if we assumed that the rule announced in Johnson encompassed the residual clause of § 924(c)…, Baptiste would not be entitled to relief because his conviction for violating § 924(c) was based on a drug trafficking crime, not a crime of violence.") (citation omitted); Saunders v. United States, No. 16–16182–G, 2017 WL 8607635, at *1 (11th Cir. Nov. 14, 2017) (order denying COA) ("[T]he district court correctly concluded that Saunders's § 924(c) sentence, based on a drug trafficking offense, plainly was unaffected by Johnson, which concerned only the definition of a "violent felony.").

## II.     Conclusion

Having determined that Petitioner's sole claim lacks merit, in accordance with the Rules Governing Section 2255 Proceedings in the United States District Courts, it is **ORDERED:**

1. Petitioner Nicklas McLain's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against Petitioner, and close the file.

4

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of April, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner